Opinion of the Court—McCarran, J.

[No. 2261]

STATE OF NEVADA, Ex Rel. A. L. HAIGHT, PETI-
TIONER, v. A. E. WILSON, as COUNTY CLERK OF
CHURCHILL COUNTY, STATE OF NEVADA, HATTIE E.
FERGUSON, and DEMOCRATIC COUNTY CEN-
TRAL COMMITTEE OF CHURCHILL COUNTY,
STATE OF NEVADA, RESPONDENTS.

[161 Pac. 306]

1. ELECTIONS—MANDAMUS—NOMINATIONS—VACANCIES.
    Stats. 1915, c. 285, sec. 44, the general election law, provides
    that, should a vacancy occur in the nominees for any office, it
    may be filled before election day by the committee to which
    such power has been delegated, and Stats. 1915, c. 283, regulat-
    ing nominations for public office by primaries, conventions, peti-
    tions, etc., by section 26 provides that vacancies in nominations
    occurring after any party convention shall be filled by the party
    committee, etc. The Democratic county convention nominated
    a candidate for clerk and treasurer. and on his declination took
    no further action and left the place blank in the certificate of
    nomination, and adjourned without delegating any authority
    to its committee, but the executive board of the committee
    filed a certificate of nomination. *Held*, that the filing of such
    certificate was unauthorized, and that *mandamus* would issue
    to compel the county clerk to exclude from the ballots at a
    coming general election the name of the candidate contained
    in such certificate.

PROCEEDING in *mandamus* by the State of Nevada, on
the relation of A. L. Haight, against A. E. Wilson, as
County Clerk of Churchill County, State of Nevada, and
others. **Writ issued.**

*A. L. Haight*, for Petitioner.

*Geo. B. Thatcher*, Attorney-General, and *E. T. Patrick*,
Deputy Attorney-General, for Respondents.

By the Court, McCARRAN, J.:

This is an original proceeding in *mandamus*, instituted
by petitioner to compel the respondent, as county clerk
of Churchill County, to exclude from all ballots to be used
at the coming general election in that county the name of
Hattie E. Ferguson as candidate for the office of county
clerk and treasurer.

Petitioner predicated his right to the issuance of the writ upon the action of the Democratic county convention, inasmuch as that convention, according to the allegations of the petition, did not, during its session or prior to its adjournment, or at any time or at all, nominate any person as the candidate of the Democratic party for the office of county clerk and treasurer of Churchill County. The petition contains the following allegation:

"That on October 26, 1916, at said city of Fallon, one Fulton H. Sears presented to the above-named A. E. Wilson, as county clerk as aforesaid, a purported certificate of nomination, in words and figures as follows, to wit:

"'Certificate of Nomination.

"'At a meeting of the executive board of the Democratic county central committee of Churchill County, Nevada, held in the city of Fallon, in said county and state, on Saturday, the 21st day of October, A. D. 1916, at the hour of 1:30 p. m., due notice having been given to all committeemen of such meeting, among other things, the following resolution was unanimously carried, a quorum being present:

"'Be it resolved: The Democratic county central committee of Churchill County, Nevada, has designated its executive board, by proper resolution, to act in its stead during the interim of any regular meeting; and

"'Whereas, it now appears that there exists a vacancy in the Democratic nominations for the office of county clerk and treasurer of said Churchill County; and

"'Whereas, this committee feels that it is to the best interests of the Democratic party of this county that this said vacant nomination be filled:

"'Be it resolved: That the said executive board now proceed to fill said vacant nomination.

"'Thereupon the chair called for nominations to fill said vacancy, and Hattie E. Ferguson was duly nominated and seconded, and, there being no further nominations, the chair declared said nominations closed.

"'Thereupon Hattie E. Ferguson was unanimously

nominated for the office of county clerk and treasurer for said Churchill County, Nevada, and declared the official Democratic nominee thereof.

"'E. L. Bingham, Chairman,

"'Fulton H. Sears, Secretary.'"

This certificate of nomination, so called, is duly verified by its chairman and secretary. It is alleged in the petition that upon this certificate of nomination, so termed, the respondent, as county clerk, unless prevented from so doing by an order of this court, will print upon the official election ballot the name of Hattie E. Ferguson as a candidate for the office of county clerk.

Attached to the petition as an exhibit we find what purports to be the minutes of the Democratic county convention, in which said minutes there appears, among other things, the following as a second transaction in the order of business:

"Second. Clerk and Treasurer. Mr. G. W. Goebel nominated and seconded. Mr. G. W. Goebel declined. Nomination left open."

At the conclusion of the minutes, we find the following item:

"A motion was made empowering the county central committee to fill any vacancies on the ticket; but, as this is already authorized by law, the motion was withdrawn."

From the record as it is before us, it would appear that the Democratic county convention had nominated a candidate for the office of clerk and treasurer. That nominee having declined to accept such nomination, no further action appears to have been taken by the convention relative to this office; and in the certificate of nomination filed with the county clerk the place was left without a nominee. The minutes of the convention declare that the body adjourned without conferring authority upon its committee or upon any committee or board or constituted body to do anything in behalf of, or in the name of, or by the authority of the convention.

The general law of this state applicable to elections (Stats. 1915, p. 479) makes special provision for the filling

of vacancies where such vacancies occur from any cause in the list of nominees for any office. The statute is as follows:

"Should a vacancy occur, from any cause, in the list of nominees for any office, such vacancy may be filled any time before the day of election by the committee to which has been delegated power to fill such vacancies. * * *"

The statute regulating nominations for public office, and which is to a certain extent called in question here, is found in Stats. 1915, p. 453, and is entitled:

"An act regulating the nomination of candidates by political parties, providing for the holding of primaries and conventions, and regulating the manner of nominating candidates by petition."

Section 26 of the act (Stats. 1915, p. 460) provides:

"Vacancies in nominations occurring for any cause after the holding of any party convention shall be filled by the party committee of the county, or state, as the case may be."

It is clear from the record as it is before us, and especially from the minutes of the proceedings of the Democratic county convention of Churchill County—in fact, it is admitted by counsel for respondents—that power to fill vacancies existing in or that might for any cause occur in the list of Democratic nominees for county offices was not delegated by the Democratic county convention of Churchill County to its county committee nor to any other committee or board.

The act of filing the certificate of nomination in question here was, as we view the record, one for which the convention itself had extended no authorization. The convention during its session had attempted to nominate a candidate for the office of clerk and treasurer. The party receiving the nomination had declined. No further action was taken by the convention, and no authority was extended by the convention to its county committee, much less to any other body, committee, or board, to make any other nomination, or to fill the vacancy which the

convention had itself created by failing to nominate a candidate for the office.

The writ, as prayed for, was by order of the court, at the conclusion of the argument, issued.